Smith, J.
The principal error relied upon by counsel for plaintiff is, that the court erred in refusing to grant him a new trial, on the ground that the judgment was against the law and the .evidence.
There is no controversy in this case as to the facts, and as they" appear from the pleadings, and evidence, they are substantially as follows: On the 19fch day of May, 1882, Mary A. Hayes, an infant, who sued by Joseph H. Burkham her next friend, recovered a judgment in the Circuit Court of Dearborn county Ind., against Cooper and wife for over $5,000. The defendants, by proceedings in error, appealed this case to the *78 Supreme Court of Indiana, and in 1884', it was reversed by that court, and oh being remanded to the circuit court, the plaintiff voluntarily dismissed* the action. When the appeal was taken, the defendants gave no bond for stay of execution on the judgment as under the laws of Indiana they might have done, and shortly after the rendition of the judgment, and at the same term, Mary A. Hayes the plaintiff, by her next friend Burkham, commenced in the same court, a proceeding, supplementary to the first action, to which Cooper and wife and Burkham (the defendant here), were made parties defendant. It alleged the recovery of the judgment, — the issue of an execution thereon — its return by the sheriff endorsed nulla bona, and further stated that Burkham was indebted to Cooper, on a written contract for the delivery of lumber to him, in the sum of $350, and calling upon him to disclose the nature and amount of such indebtedness. 'He did answer admitting the same. Cooper also answered raising an issue with Burkham. The case was tried by the court, and Burkham ordered to pay the $350 due Cooper, “ to the plaintiff.” He did pay $282 in full satisfaction thereof to Haynes & Thompson, attorneys of record for the plaintiff.
After the reversal of the original judgment, Cooper brought this action against Burkham to recover the same $350. Defendant pleaded the former recovery, and payment of the same. Plaintiff admitted the judgment and facts as before stated, but denied the payment of the money.
Several sections of the statutes of Indiana were offered in evidence, in regard to the prosecution of an action by an infant (when she is sole plaintiff) by a next friend, and as to the mode in which executions on judgments may be stayed, and other matters which may be mentioned hereafter; but as we understand, they are substantially like the laws of this state on the same subjects.
The plaintiff below having recovered a judgment for the full amount claimed, and the court having overruled a motion for a new trial, a bill of exceptions was filed containing all the evidence offered at the trial.
On this state of fact, several questions arise and have been argued. First — Was the judgment or order of the court in *79 case No. 2952, (the proceeding in aid of execution) such a one as, if unreversed, would bar a subsequent recovery by Cooper from Burkham, on the same cause of action as that on which Burkham was ordered to pay to the plaintiff in that proceeding? And as to this, we think there can be no doubt. It was the judgment or order of a court, admitted to have full and complete jurisdiction of the subject-matter, with all parties in interest before the court, and in view of every principle of justice and of law, as it seems to us, so long as that judgment or order stands in full force, the defendant Burkham at least, would have the right to consider it as binding and to act upon that idea. If Cooper, who was a party in interest and a party to the'suit, was not satisfied with the judgment, he should have appealed from it, and taken such steps as would have prevented the carrying out of the order, as were provided by the law. He did nothing of the kind, but allowed the plaintiff’s judgment to stand, and Burkham, (as he claims), to pay the money in accordance with the order, without any objection on his part.
Second — Did the reversal of the judgment of the circuit court in case No. 2796 (the original cause), operate to reverse the judgment or order rendered in the proceedings in 2952? We are of the opinion that it did not. In many respects the two cases were separate and distinct. In the latter case, a new complaint is filed, as a new proceeding, with a new number upon the docket, with a new party, and with new allegations and a new aim. No service was made, apparently, on any of the three persons named as defendants; but all voluntarily came in and submitted themselves to the jurisdiction of the court.
It is true, that the order in the last case was founded on the first, and had the judgment in No. 2796 been reversed before that in 2952 was rendered, such fact having been shown, it should have prevented a judgment thereon for the plaintiff. -Or if Burkham had not paid it, a court of equity might well have enjoined such payment and set aside the order. But this was not the case. The judgment or order in the supplementary proceeding, was rendered before the reversal of the ■other judgment, and the appeal in the original case was only *80 from the judgment before that time rendered, viz., that the plaintiff in that case recover the lands and the mqney judgment for damages, and the decision of the supreme court reversed this alone. The judgment in the second proceeding still stands in full force and unreversed, and in our judgment, while it stands, it would, if properly pleaded, be a complete bar, so fax as Burkham is concerned, to the recovery by Cooper against him on the claim already adjudicated. For he was no party to the appeal, and was entitled to be heard thereon before any judgment affecting him should be set aside or reversed. .
Entertaining this opinion, it is not really necessary that we should discuss'or decide one of the principal questions argued by counsel; that is, whether Burkham actually paid the money to Mary A. Hayes, in pursuance of the order of the court. For if the judgment that he do so, is still valid and unreversed, if he has not paid it, he may yet be compelled by Mary A. Hayes to do so. Fie cannot, nor is he bound to take any steps to set it aside as invalid, and if the money is still unpaid, the judgment stands in force against him, and he can interpose it as a shield against a claim again prosecuted against him on the original cause of action.
But we think the evidence shows that he did in fact pay it before the reversal of the original judgment in No. 2796. Not the full sum of $350, but $282, which was accepted by Mary A. Hayes as the lull value of the lumber to be delivered.
The argument of counsel for defendant ,in error against this view, is, that in the supplementary proceedings spoken of, Burkham himself was the real plaintiff (the title of the cause being Mary A. Hayes, by her next friend Joseph H. Burk-ham), and that when the court ordered Burkham to pay the money to “ the plaintiff,” it was an order that he, pay to himself, and that the receipt therefor by Haynes & Thompson, attorneys for plaintiff, was a receipt of himself to himself, and therefore a nullity, and did not operate to discharge him from liability to pay the same to Cooper.
We,can not agree to the correctness of this claim. The plaintiff in both suits was Mary A. Hayés. The statute of Indiana, it is true, requires “ that when a minor is the ‘ sole *81 plaintiff/ a competent and responsible person shall consent in writing to appear as the next friend of such infant, and such next friend shall be responsible for the costs of such action.” And by other sections of these statutes, it is provided that the court may remove such next friend, and substitute another in his place, or may require him to give bond to account to the infant for all moneys which may be recovered in the action. But still, in our view, the infant is the plaintiff, recognized as such by the statute, and this order in this case was an order to pay to her, and the payment to her attorneys of record is a payment to her.
Johnson d:\Burton, for plaintiff in error.
H. Q. Cooper, for defendant in error.
If then the*payment was in fact made by Burkham in good faith (and there is nothing to indicate the contrary) before the reversal of the judgment in the original case, it would seem clear that it constitutes a defense to this action. We understand the law to be in such case, that the reversal of the judgment does not render invalid what was done by order of the court under the reversed judgment. Sec. 5356 of our statutes, expressly recognizes this as to a purchaser in good faith, at a judicial sale, on a judgment afterwards reversed, and such we think is the general rule as to such matters. See Freeman on Judgments, sec. 481 and seq.
Our conclusion, therefore, is, that on both the grounds named, the defense of Burkhamjwas complete and satisfactory : First, that if the judgment or order was not complied with by him, there is a valid judgment requiring him to pay it. But, second, that he has in fact paid it, and that this discharged him from liability on|the same claim to Cooper. The judgment of the court of common pleas is therefore reversed with costs, and the case remanded to that court for a new trial, or such further proceedings as may be warranted by law.
Judge Cox, having been of counsel, did not sit in this case.